IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:07-CV-52-BR

| | |
|---|---|
| TERRY D. MOSES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | O R D E R |
| NORTH CAROLINA DEPARTMENT OF ) | |
| TRANSPORTATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion of defendants R.E. Greene, Jr., Chris Thacker, Joe Pittman, Bill Bass, Ronnie King, A.W. Roper, George J. Liverman, Dennis (Jack) Arrington, Kenneth Archer, Donald W. Edge, III., Faron Mizelle, and James Jones (collectively, "individual defendants") and the North Carolina Department of Transportation ("NCDOT") to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (5), and (6). Despite having been served with notice of the motion, plaintiff has not filed a response and the time in which to do so has expired. Accordingly, this matter is ripe for disposition.

**I. BACKGROUND**

On 20 November 2007, plaintiff filed a *pro se* motion to proceed with his case *in forma pauperis*. On 15 January 2008, that motion was granted, and the complaint, alleging employment discrimination in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*, was filed. On 6 February 2008, plaintiff filed an "Affidavit of Service for Summons, Complaint, and Order" for all defendants, which included a copy of the summonses as well as the signed certified mail return receipts. Subsequently, on 11 March 2008, defendants filed the instant motion to dismiss.

## II. DISCUSSION

A.  **Insufficiency of Service of Process**

Defendant NCDOT asserts the defense of lack of personal jurisdiction based on insufficiency of service of process and moves for dismissal of all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(5). Specifically, NCDOT contends that service is invalid because its process agent was never served with a copy of the summons and complaint.

The federal rule for service of process on a state or governmental organization permits service via delivery of the summons and complaint to the chief executive officer or via state law procedures. Fed. R. Civ. P. 4(j)(2). In North Carolina, service of process may be effectuated upon an agency of the state:

> by personally delivering a copy of the summons and of the complaint to the process agent appointed by the agency[;] . . . by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to said process agent; or by depositing with a designated delivery service . . . a copy of the summons and complaint, addressed to the process agent, delivering to the addressee, and obtaining a delivery receipt.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(a). North Carolina law requires the court to strictly construe the service of process statutes. Stack v. Union Reg'l Mem'l Med. Ctr., Inc., 171 N.C. App. 322, 328, 614 S.E.2d 378, 382 (2005). Accordingly, a defendant is not properly served where the statute is not followed, even when that defendant has actual notice of the complaint. Id.

In its memorandum, defendants assert that the NCDOT has appointed Tammy Denning as the process agent to receive service for the NCDOT. (Defs.' Mem. at 3). Ms. Denning, however, was not served with the summons and complaint. (Id.). Indeed, the "Affidavit of Service for Summons, Complaint, and Order" pertaining to the NCDOT indicates that service was made on Steven Stricklan. (See DE-20).

Nevertheless, plaintiff, who is acting *pro se*, attempted to comply with the filing rules and should be granted some leniency. See <u>Wright v. North Carolina State Univ.</u>, No. 5:98-CV-644-BR3, 1998 U.S. Dist. LEXIS 20357, at *14-16 (E.D.N.C. Nov. 18, 1998) (*pro se* litigants are often ignorant of the rules of state and federal civil procedure and should be accorded some leniency when attempting service of process on defendants) (citing <u>Stewart v. United States Postal Serv.</u>, 649 F. Supp. 1531, 1535 (S.D.N.Y. 1986)). In this case, improper service of the summons and complaint does not warrant dismissal of plaintiff's complaint against the NCDOT. See <u>Simmons v. Crown Ford, NC</u>, No. 5:07-CV-374-BR, 2008 U.S. Dist. LEXIS 16381, at *3 (E.D.N.C. Mar. 4, 2008) (dismissal for improper service "not justified where it appears that service can be properly made") (quoting <u>Coastal Neuro-Psychiatric Assoc. v. Onslow County Hosp. Auth.</u>, 607 F. Supp. 49, 50 (E.D.N.C. 1985)). Plaintiff correctly named the NCDOT as a defendant in the complaint and case caption on the summons. Therefore, pursuant to Federal Rule of Civil Procedure 4(a)(2), the court will allow plaintiff to amend his summons, directing delivery of the summons and complaint to the NCDOT's process agent, Tammy Denning. See <u>Wright</u>, 1998 U.S. Dist. LEXIS 20357, at *16-17 (where *pro se* plaintiff failed to serve defendant via its designated process agent, the court permitted plaintiff to amend the summons and attempt service again).

Although a plaintiff normally has only 120 days following the filing of a complaint in which to effectuate service of process, for good cause shown, the court may extend the time for an appropriate period. Fed. R. Civ. P. 4(m). Accordingly, the NCDOT's motion to dismiss plaintiff's complaint against it is **DENIED** without prejudice. Plaintiff may amend his summons and serve the amended summons along with the complaint upon the NCDOT via its process agent, Tammy

3

Denning, no later than 30 June 2008. Failure to serve the amended summons and complaint within the time period allowed may result in dismissal of plaintiff's complaint against the NCDOT.

**B.    Claims Against Individual Defendants**

Title VII only permits suits against employers, not against individual defendants in their personal capacities. See 42 U.S.C. § 2000e-2(a); Lissau v. Southern Food Svc., Inc., 159 F.3d 177, 180 (4th Cir. 1998). Because all the individual defendants were employed by the NCDOT as supervisors or co-workers of plaintiff, any discriminatory action by them would be imputed to their employer under Title VII. Lee v. North Carolina Dep't of Transp, No. 5:98-CV-967-BR(2), 2000 U.S. Dist. LEXIS 7170, at *12 (E.D.N.C. Apr. 3, 2000). Accordingly, the individual defendants' motion to dismiss the claims against them is **GRANTED**.

**C.    Religious Discrimination**

In a Title VII action, the court may only entertain "claims stated in the initial [EEOC] charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint." Evans v. Tech. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996). Claims that exceed the scope of this standard are procedurally barred. Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995).

In his complaint, plaintiff has made a claim of employment discrimination based on his religion. However, plaintiff did not allege religious discrimination in his EEOC charge– he alleged only race discrimination. Further, in reading the narrative description contained in the EEOC charge, the court is unable to glean any complaint of religious discrimination. Plaintiff's claim of religious discrimination is therefore beyond the scope of his EEOC charge. Accordingly,

4

defendants' motion to dismiss plaintiff's claim of religious discrimination is **GRANTED** and that claim is **DISMISSED**.

### III. CONCLUSION

Defendants' motion to dismiss the complaint is **GRANTED in PART and DENIED in PART**. All claims against the individual defendants are **DISMISSED**. Plaintiff's claim of religious discrimination is **DISMISSED**. Plaintiff's claim of race discrimination against the NCDOT remains. However, plaintiff shall have until **30 June 2008** in which to amend his summons and serve the amended summons along with the complaint upon the NCDOT via its process agent, Tammy Denning. Failure to serve the amended summons and complaint within the time period allowed may result in dismissal of plaintiff's claim against the NCDOT.

This 5 June 2008.

_____
W. Earl Britt
Senior U.S. District Judge

TDM/DOT/MKM